```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


CURTIS MCCALL,                       )
                                     )
            Plaintiff,               )
                                     )
       vs.                           )     No. 4:08-CV-471 (CEJ)
                                     )
CITY OF ROCK HILL, MISSOURI          )
AND DAVID CALLAWAY,                  )
                                     )
            Defendant.               )
```

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Rock Hill, Missouri to dismiss Count III of plaintiff's complaint. Plaintiff has filed a response to the motion.

Plaintiff Curtis McCall filed this action pursuant to 42 U.S.C. § 1983 seeking compensatory damages, punitive damages, and attorney's fees from defendants David Callaway, a police officer, and the City of Rock Hill, Callaway's employer. Plaintiff alleges that he sustained serious injury to his right wrist when defendant Callaway used excessive force in handcuffing plaintiff. In Count III of the complaint, plaintiff alleges that Callaway was acting within the scope of his employment and that "Rock Hill is therefore liable under a theory of *respondeat superior.*" [footnote omitted]. Defendant Rock Hill moves to dismiss Count III, arguing that it cannot be held liable under § 1983 based on a theory of *respondeat superior*.

**Discussion**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Defendant Rock Hill cannot be held liable for the actions of Callaway under a theory of *respondeat superior*. Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). In opposition to defendant's motion, plaintiff states only that his claim is based upon the dissenting opinion of Justice Breyer in Board of

-2-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 430 (1997). A dissenting opinion cannot change the existing precedent and thus plaintiff's *respondeat superior* claim fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant City of Rock Hill, Missouri to dismiss Count III of the complaint [Doc. #12] is **granted**.

**IT IS FURTHER ORDERED** that Count III of the complaint is **dismissed for failure to state a claim**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com